In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert L. SHERRY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert L. SHERRY, Respondent.

Supreme Court

*No. 03-0263-D. Decided August 13, 2003.*

2003 WI 123

(Also reported in 667 N.W.2d 348.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Robert L. Sherry and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1] On January 29, 2003, the OLR filed a complaint in this court alleging 21 separate counts of misconduct against Attorney Sherry. Sherry did not file an answer but instead, he and the OLR filed a stipulation in which Sherry admitted the facts and misconduct as alleged in the OLR's complaint and agreed to the level of discipline the OLR sought in this disciplinary matter—a nine-month suspension of Sherry's license to practice law in this state, and an order requiring Sherry to make restitution to Mohamad Khan in the amount of $102, and to Jessica Gall in the amount of $450.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions regarding Sherry's 21 counts of misconduct as alleged in the OLR's complaint. We determine that the seriousness of Attorney Sherry's misconduct warrants suspension of his license to practice law for a period of nine months. We also agree that he should be required to make restitution to his clients in the amounts stipulated.

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised in part. Some of the conduct underlying this case arose prior to October 1, 2000. However, the complainant in this case will be referred to as the OLR. All references to supreme court rules will be to the current version of the supreme court rules unless otherwise noted.

¶ 3. Attorney Robert L. Sherry was admitted to practice law in Wisconsin in 1984. His license was subsequently administratively suspended on June 6, 2001, for noncompliance with CLE requirements; then on October 30, 2001, his license was temporarily suspended for his failure to cooperate with an OLR grievance investigation. Sherry's license remains suspended.

¶ 4. In the OLR's disciplinary complaint filed in this court, it was alleged that Attorney Sherry had committed 21 separate counts of misconduct. Those counts involved Sherry's representation of several clients as well as Sherry's failure to timely file personal income tax returns and failure to cooperate with the OLR in its investigations. Sherry now admits to the facts as alleged in the OLR complaint. Briefly summarized the allegations are these:

## I. REPRESENTATION OF WILLIAM EISEMAN— COUNTS ONE THROUGH SIX

¶ 5. The OLR complaint alleged, and Sherry now stipulates, that in late 1998 and 1999 Sherry represented William Eiseman, a real estate owner/manager in several eviction actions. In one such action Eiseman's commercial tenant successfully contested the claimed breach of lease and that eviction complaint was dismissed. Eiseman then gathered additional evidence concerning that commercial tenant's alleged breaches of the lease and Sherry agreed to file another eviction action against her. Subsequently, Eiseman repeatedly attempted to reach Sherry to determine the status of that second eviction action but Sherry failed to return Eiseman's calls or voice mail messages.

¶ 6. Sherry later informed Eiseman that he had commenced a new action against that commercial tenant and that a return date had been scheduled but then,

according to Sherry, it had been adjourned. Ultimately, Sherry admitted to Eiseman that he had not taken any further action to evict that commercial tenant.

¶ 7. Sherry had also been asked by Eiseman to file an eviction action against a residential tenant. Again, Sherry informed Eiseman that the eviction action had commenced and that a return date had been scheduled, only to subsequently inform Eiseman that the return date had been adjourned. In August 1999 Sherry assured Eiseman that a writ of restitution had been issued with respect to that residential tenant; however, when pressed by Eiseman about that writ, Sherry admitted that he had not obtained one. Sherry promised Eiseman that he would then commence an eviction action against that residential tenant and secure the writ. Eiseman later contacted the clerk of court's office and discovered that no action against that tenant had been filed.

¶ 8. In September of 1999 Eiseman repeatedly asked Sherry to transfer the eviction files to his new attorney. Sherry told the new attorney that he would bring the files to his office that day but never did so.

¶ 9. When the OLR's district investigative committee subpoenaed Sherry for an interview and asked him to produce Eiseman's eviction files, Sherry failed to do so. At the interview the committee again asked Sherry to produce and surrender the eviction files and Sherry agreed to locate them and provide them to the OLR. A second written request from the investigative committee reminded Sherry of his promise to produce the files but Sherry did not produce the files nor did he respond in any way to that second request.

¶ 10. During the OLR's subsequent investigation of Eiseman's grievance against Sherry it was discovered that Sherry's license to practice law had been adminis-

tratively suspended on June 6, 2001, for his noncompliance with the mandatory CLE requirements. The OLR staff requested information from Sherry concerning this administrative suspension and then granted Sherry's request for an extension to respond to that inquiry until July 2, 2001. After receiving no response from Sherry, the OLR sent follow-up correspondence but again Sherry did not respond.

¶ 11. In August 2001 the OLR staff sent two final letters to Sherry by certified mail and personal service requesting a response and informing him that if the OLR did not receive a response by August 23, 2001, it would seek a suspension of Sherry's license under SCR 22.03(4) for his failure to cooperate in the OLR investigation. Sherry again requested an extension which the OLR granted until August 29, 2001. However, Sherry failed to respond. On October 30, 2001, at the OLR's request, ·pursuant to SCR 22.21(2), this court temporarily suspended Sherry's license to practice law in this state for his failure to cooperate with the investigation.

¶ 12. This course of conduct resulted in Counts One through Six in the OLR's complaint. Those counts of misconduct to which Sherry now stipulates are:

A. Count One

¶ 13. By failing to initiate an eviction action against Eiseman's commercial tenant, Sherry failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

B. Count Two

¶ 14. By failing to initiate an eviction action against Eiseman's residential tenant, Sherry failed to

act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

## C. Count Three

¶ 15. By informing Eiseman that an eviction action had been filed against the commercial tenant and that a court date had been scheduled and adjourned when, in fact, no action had been filed, Sherry engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

## D. Count Four

¶ 16. By informing Eiseman that an eviction action had been filed against the residential tenant, that a court date had been scheduled, and that a writ of restitution had been issued when in fact no action had been filed, Sherry engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

## E. Count Five

¶ 17. By failing to deliver Eiseman's files to successor counsel, Sherry failed to surrender papers and property to which a client is entitled, in violation of SCR 20:1.16(d).

## F. Count Six

¶ 18. By failing to respond to correspondence from the OLR in the investigation in this matter and by failing to provide the eviction files to the OLR district committee investigator, Sherry failed to cooperate with the OLR in the investigation of this matter, in violation of SCR 21.15(4).

## II. TAX RETURNS—COUNTS SEVEN AND EIGHT

¶ 19. The OLR complaint further alleged, and Sherry now stipulates, that on July 10, 2000, the Internal Revenue Service (IRS) informed the OLR that Sherry had failed to file quarterly payroll tax returns for July 1, 1997, through September 30, 1999, and that he had failed to file individual tax returns for the years 1997 and 1998. Subsequently, Sherry did not respond to two certified letters the OLR sent to him requesting a written response to the IRS report. On January 25, 2001, the OLR sent Sherry a third letter requesting a response. On February 5, 2001, Sherry wrote to the OLR reporting that he was "in the process of finalizing returns for overdue tax filings" and that he anticipated the returns would be completed within 28 days.

¶ 20. Subsequently, Sherry failed to respond to the OLR's telephone messages. After another certified letter on April 2, 2001, Sherry agreed to meet with the OLR staff on April 18, 2001. During that interview Sherry admitted that he had failed to file his quarterly payroll tax returns beginning in mid-1997, and his personal income tax returns beginning in 1997. Sherry stated, however, that he had an appointment with an accountant to prepare the necessary returns.

¶ 21. Thereafter, Sherry failed to respond to the OLR's request that he inform the OLR when he had followed through and met with his accountant and filed the delinquent tax returns. The Wisconsin Department of Revenue (DOR) later filed a series of collection actions and levies against Sherry but Sherry still failed to file payroll tax returns for July 1997 through December 1998. He also failed to timely file his individual tax returns for the years 1997, 1998, 1999, and 2000.

¶ 22. Sherry later informed the OLR that he had forwarded those tax returns to the IRS and the DOR in October 2001. The DOR records, however, reflect that Sherry only filed his 2000 income tax returns on October 7, 2001, and that his 1997 1998, and 1999 income tax returns were not filed until January 4, 2002.

¶ 23. This course of conduct as alleged in the OLR's complaint resulted in Counts Seven and Eight to which Sherry has now stipulated:

A. Count Seven

¶ 24. By failing to file quarterly payroll tax returns for the period of July 1, 1997, through December 31, 1998, and by failing to timely file quarterly payroll tax returns for 1999 and income tax returns for 1997, 1998, 1999, and 2000, Sherry violated a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers (*State v. Roggensack,* 19 Wis. 2d 38, 45, 119 N.W.2d 412 (1963)), in violation of SCR 20:8.4(f).

B. Count Eight

¶ 25. By failing to provide a written response to correspondence from the OLR, Sherry willfully failed to cooperate with the OLR in the investigation of this matter, in violation of SCR 22.03(4) and SCR 21.15(4).

III. WANDEL DIVORCE—COUNTS NINE AND TEN

¶ 26. The OLR complaint alleged, and Sherry now stipulates, that in December 2000 he was retained by Kelly Wandel to initiate divorce proceedings and obtain a child support order. Kelly Wandel thereafter paid Sherry a $500 retainer, and in March 2001 authorized him to start the divorce action on her behalf. Sherry did so on April 10, 2001.

¶ 27. The first hearing in that divorce matter was scheduled for April 26, 2001, but then rescheduled to May 23, 2001, because Sherry had been unable to obtain service on Kelly Wandel's husband. After attempting to obtain service for those first two hearing dates, Sherry took no further action in that divorce proceeding. After May 2001 Kelly Wandel repeatedly attempted to contact Sherry to determine the status of her divorce action but he failed to respond to her phone calls. She hired a new attorney to represent her in the fall of 2001.

¶ 28. This course of conduct led to Counts Nine and Ten in the OLR complaint against Sherry to which he now stipulates.

A. Count Nine

¶ 29. By taking no action in Kelly Wandel's divorce action after preliminary service attempts had failed, Sherry failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

B. Count Ten

¶ 30. By failing to respond to Kelly Wandel's phone calls after May 2001 Sherry failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).

## IV. LEONARD BRUMM COLLECTION MATTERS—COUNTS ELEVEN THROUGH FIFTEEN

¶ 31. The OLR complaint alleges, and Sherry now stipulates, that Leonard Brumm who owned a remodeling business, Lake States, Inc., retained Sherry to

399

represent him in several collection matters. In 1997 Brumm asked Sherry to commence a collection action to collect $4400 that an individual owed Brumm for repairs and remodeling. Sherry filed that lawsuit on behalf of Brumm's business on October 22, 1997.

¶ 32. Sherry and the defendant's counsel then reached a tentative agreement to settle that lawsuit for $1350. Sherry, however, never communicated that settlement to Brumm.

¶ 33. Subsequently, the circuit court dismissed that collection action on September 3, 1998, on the representation that the case had been settled. Sherry did not inform Brumm that the lawsuit had been dismissed. In fact, the settlement had never been consummated because Sherry had not prepared the settlement documents. Brumm repeatedly attempted to contact Sherry to determine the status of that lawsuit and, after a series of unsuccessful attempts, Brumm hired another attorney in June 2001. That second attorney then discovered that the lawsuit had been dismissed.

¶ 34. Brumm had also retained Sherry in late 1997 to foreclose on a $1850 construction lien. Thereafter Brumm repeatedly attempted to contact Sherry about the status of that foreclosure action but Sherry failed to respond or take any action to foreclose the construction lien.

¶ 35. In March 2001 Brumm retained Sherry to collect a $12,500 judgment that Brumm's business had obtained in an arbitration proceeding. Brumm gave Sherry a $250 check to commence execution on that judgment; the sheriff's department, however, has no record of any attempted execution on the judgment.

¶ 36. Sherry later informed Brumm that he would conduct a supplemental examination of that judgment debtor but Sherry never conducted that supplemental

examination. Brumm repeatedly attempted to obtain a status report from Sherry about the $12,500 collection matter but without success.

¶ 37. This course of conduct led to Counts Eleven through Fifteen in the OLR complaint to which Sherry now stipulates.

## A. Count Eleven

¶ 38. By failing to communicate the offer of settlement to Brumm in the 1997 collection matter, Sherry failed to inform his client of all offers of settlement and abide by a client's decision whether to accept the offer of settlement of a matter, in violation of SCR 20:1.2(a).

## B. Count Twelve

¶ 39. By failing to take appropriate steps toward finalizing the settlement, including failing to reduce the settlement agreement to writing in the 1998 matter after the court dismissed the case upon assurances of counsel that it had been settled, Sherry failed to act with reasonable diligence in representing a client, in violation of SCR 20:1.3.

## C. Count Thirteen

¶ 40. By failing to perform work to foreclose on Lake State's construction lien, Sherry failed to act with reasonable diligence in representing a client, in violation of SCR 20:1.3.

## D. Count Fourteen

¶ 41. By failing to collect on Lake State's $12,500 judgment, Sherry failed to act with reasonable diligence in representing a client, in violation of SCR 20:1.3.

## E. Count Fifteen

¶ 42. By not informing Brumm that the 1997 collection matter had been dismissed and by failing to respond to Brumm's repeated correspondence requesting status reports, Sherry failed to keep his client reasonably informed about the status of the matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).

## V. PRIVATE INVESTIGATOR FALKNER— COUNT SIXTEEN

¶ 43. The OLR complaint alleges, and Sherry now stipulates, that Sherry hired Gerald Falkner, a private investigator, to perform investigative work in three public defender cases in which Sherry had been appointed as defense counsel. Sherry and Falkner agreed that Falkner would wait to receive payment for his services until after Sherry had been paid Falkner's costs by the state public defender's office.

¶ 44. Sherry thereafter received payments for the investigations from the state public defender's office in those three cases in the amount of $316.81, $187.33, and $519, respectively. Sherry cashed those checks but failed to forward the money to Falkner despite Falkner's numerous attempts to obtain the money. Falkner did not receive his payments until late 2001.

¶ 45. This course of conduct led to count 16 in the OLR complaint to which Sherry now stipulates.

A. Count Sixteen

¶ 46. By failing to promptly deliver to Falkner the funds from the state public defender's office that Falkner was entitled to receive, Sherry failed to

402

promptly deliver to a third person funds that that person was entitled to receive, in violation of SCR 20:1.15(b).

## VI. CLIENT KHAN—COUNT SEVENTEEN

¶ 47. The OLR complaint alleges, and Sherry now stipulates, that in March 1999 Mohamad S. Khan retained Sherry to represent Khan in collecting a security deposit purportedly wrongly retained by the buyer of rental property previously owned by one Noreen Khan. Mohamad Khan paid Sherry an advance of $102 for costs; Sherry, however, did not file a lawsuit on Khan's behalf.

¶ 48. Despite Khan's request Sherry failed to return the $102 and failed to deliver Khan's file to Khan's new attorney.

¶ 49. This course of conduct led to Count Seventeen in the OLR's complaint against Sherry to which he now stipulates.

A. Count Seventeen

¶ 50. By failing to return the $102 in advance costs and by failing to deliver Khan's file to his new attorney, Sherry failed to surrender papers and property to which a client was entitled and refund any advance payment of fees that had not been earned, in violation of SCR 20:1.16(d).

## VII. GALL DIVORCE ACTION—COUNTS EIGHTEEN THROUGH TWENTY-ONE

¶ 51. The OLR complaint alleges, and Sherry now stipulates, that in December 2000 Jessica Gall retained Sherry to represent her in a divorce action. She paid Sherry a retainer of $850.

¶ 52. The initial hearing in that divorce action was held on March 21, 2001; thereafter, Sherry failed to perform any work on that divorce action. He also did not return Gall's phone calls and failed to keep her informed about the divorce action. He did, however, have five telephone conversations with Jessica Gall, some of which occurred after Sherry's law license had been administratively suspended on June 6, 2001, due to his noncompliance with CLE requirements.

¶ 53. Specifically, in August and September 2001, Sherry provided legal advice to Gall over the telephone concerning her divorce action; however, he never informed her that his law license had been suspended.

¶ 54. In October 2001 Sherry informed Gall that he could not complete her divorce action because of depression. Sherry agreed to refund to Gall $425 of her retainer fee by October 26, 2001, but he failed to do so.

¶ 55. This course of conduct led to Counts Eighteen through Twenty-One in the OLR's complaint to which Sherry has now stipulated.

A. Count Eighteen

¶ 56. By failing to take action in Gall's divorce after the initial hearing on March 21, 2001, Sherry failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

B. Count Nineteen

¶ 57. By failing to respond to Gall's attempts to communicate with him regarding the status of the divorce action, Sherry failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).

## C. Count Twenty

¶ 58. By failing to refund Gall $425 of her retainer fee, as promised, Sherry failed to surrender papers and property to which a client was entitled and refund any advance payment of fees that had not been earned, in violation of SCR 20:1.16(d).

## D. Count Twenty-One

¶ 59. By providing legal advice to Gall while his license was suspended, Sherry violated a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers, SCR 31.10, which prohibits the practice of law while the lawyer's state bar membership is suspended for noncompliance with CLE requirements, in violation of SCR 20:8.4(f).

¶ 60. As noted, Sherry has now stipulated to these 21 counts of misconduct as alleged by the OLR in its complaint. He admits the facts and the misconduct as alleged and agrees with the OLR that a nine-month suspension of his license to practice law in this state is an appropriate sanction for that misconduct. He also agrees with the OLR that he should make restitution to Mohamad Khan in the amount of $102, and to Jessica Gall in the amount of $450.

¶ 61. We approve the stipulation and determine that the seriousness of Attorney Sherry's misconduct warrants the suspension of his license to practice law for nine months. Sherry's admitted acts are serious violations of the Rules of Professional Conduct governing lawyers in this state. We also agree that Sherry should make restitution in the stipulated amounts.

¶ 62. IT IS ORDERED that the license of Robert L. Sherry to practice law in Wisconsin is suspended for period of nine months, effective the date of this order.

¶ 63. IT IS FURTHER ORDERED that Robert L. Sherry comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 64. IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert L. Sherry shall make restitution in the amount of $102 to Mohamad Khan and in the amount of $450 to Jessica Gall. If that restitution is not paid within 60 days, and absent a showing to this court of his inability to pay such restitution within that time, the license of Robert L. Sherry to practice law in this state shall remain suspended until further order of this court.

¶ 65. PATIENCE D. ROGGENSACK, J., did not participate.