IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert L. SHERRY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert L. SHERRY, Respondent.

Supreme Court

*No. 2003AP263–D. Decided October 31, 2006.*

## 2006 WI 119

(Also reported in 723 N.W.2d 129.)

¶ 1. PER CURIAM. Robert L. Sherry has petitioned for reinstatement of his license to practice law in Wisconsin. We review the referee's recommendation to deny the petition. Attorney Sherry has not appealed the referee's recommendation. Pursuant to SCR 22.33(3),[1] we adopt the referee's report and conclude Attorney Sherry has failed to demonstrate by clear, satisfactory, and convincing evidence that resuming law practice would not be detrimental to the administration of justice or subversive of the public interest. *See* SCR 22.31. As a result, we deny Attorney Sherry's petition for reinstatement and direct him to pay the costs of this reinstatement proceeding.

¶ 2. Robert L. Sherry was admitted to practice law in Wisconsin in 1984. His license was administratively suspended on June 6, 2001, for noncompliance with continuing legal education (CLE) requirements. On October 30, 2001, his license was temporarily suspended for his failure to cooperate with an Office of Lawyer Regulation (OLR) grievance investigation.

¶ 3. Attorney Sherry's license remained suspended and, on August 13, 2003, this court suspended his license to practice law for nine months based on stipulated facts and conclusions regarding 21 counts of misconduct. *See In re Disciplinary Proceedings Against Sherry,* 2003 WI 123, 265 Wis. 2d 391, 667 N.W.2d 348. This court also ordered Attorney Sherry to make restitution to M.K. in the amount of $102 and to J.G. in the amount of $450.

¶ 4. The disciplinary complaint alleged 21 counts involving his representation of several clients as well as Attorney Sherry's failure to timely file personal income

---

[1] SCR 22.33(3) states "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

tax returns and failure to cooperate with the OLR in its investigations. *Id.*, ¶¶ 1–4. The counts involving client matters included failing to act with reasonable diligence and promptness in representing a client; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; failing to surrender papers and property to which a client is entitled; failing to comply with reasonable requests for information; failing to inform clients of settlement offers and abide by the client's decision whether to accept it, and failing to promptly deliver to a third person funds that the person was entitled to receive.

¶ 5. On July 25, 2005, Attorney Sherry petitioned this court for reinstatement of his law license. Attorney Kathleen Callan Brady was appointed referee. The OLR advised Attorney Sherry and the referee that it had submitted a questionnaire regarding Attorney Sherry's reinstatement petition and had requested answers to this questionnaire by September 7, 2005.

¶ 6. On February 27, 2006, following a telephone scheduling conference at which both Attorney Sherry and the OLR appeared, the referee issued a scheduling order. The order required Attorney Sherry to file his responses to the questionnaire on or before March 15, 2006. The referee set another telephone scheduling conference for June 5, 2006. The scheduling order required the parties to adhere to the deadlines absent the referee's approval. The order advised that failure to comply with the deadlines may result in sanctions.

¶ 7. Attorney Sherry received notice of the June 5, 2006, scheduling conference and advised the referee that he would timely respond to the questionnaire. However, the OLR advised the referee that Attorney Sherry had not responded to the questionnaire, and filed a notice of motion and motion to deny Attorney

Sherry's petition based on his failure to respond. The OLR's motion was heard at the scheduling conference held by telephone on June 5, 2006.

¶ 8. Despite having received notice, Attorney Sherry did not appear by telephone at the June 5, 2006, conference to respond to the OLR's motion to deny reinstatement. The conference proceeded as scheduled. Following the conference, the referee issued a report recommending Attorney Sherry's petition for reinstatement be denied and that Attorney Sherry be ordered to pay the costs of the reinstatement proceeding.

¶ 9. We adopt the findings contained in the referee's report. As noted, Attorney Sherry has not appealed the referee's report, findings, or recommendation. Attorney Sherry did not respond to the OLR's questionnaire, despite having advised the referee that he would respond in a timely fashion. Attorney Sherry did not appear at the final scheduling conference despite his receiving notice of the conference. We determine that Attorney Sherry has failed his burden under SCR 22.31 to demonstrate by clear, satisfactory, and convincing evidence that resuming law practice would not be detrimental to the administration of justice or subversive of the public interest. Accordingly, we deny Attorney Sherry's reinstatement petition and order him to pay the costs of the reinstatement proceeding.

¶ 10. The OLR has filed a statement of costs incurred in the reinstatement proceeding in the sum of $941.44. The record indicates Attorney Sherry has been served with the statement of costs. No objection to the statement of costs has been received. The statement of costs is reasonable and costs are warranted under the circumstances. We impose the costs in the amount sought.

¶ 11. IT IS ORDERED that Robert L. Sherry's petition for reinstatement of his license to practice law in Wisconsin is denied.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order Robert L. Sherry shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Robert L. Sherry to practice law in Wisconsin shall remain suspended until further order of this court.